# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1409 | **DATE** | 6/26/2013 |
| **CASE TITLE** | Sergio Alvarado vs. Glen E Smith, Jr. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion to confirm the Arbitration Award and for entry of judgment [1] is granted and the motion to vacate the Arbitration Award [7] is denied. Civil case terminated.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

    This matter is before the court on Plaintiff Sergio Alvarado's (Alvarado) motion to confirm arbitration award and for entry of judgment. Alvarado contends that a dispute arose between himself and Defendant Glen E. Smith, Jr. (Smith) concerning an investment in Sure Line Acceptance Corporation notes (Notes). Alvarado contends that in 2009, Smith misrepresented the risks and characteristics of the Notes when Alvarado invested in the Notes. In February 2012, Alvarado filed a Statement of Claim in arbitration with FINRA against Smith and other parties, and on October 24, 2012, an arbitration award (Arbitration Award) was entered in favor of Alvarado. Alvarado now seeks to have this court enforce the Arbitration Award and enter judgment.

    Smith has filed a *pro se* response to the motion to confirm arbitration award and for entry of judgment, which the court has liberally construed. Smith requests in the opposition that the court vacate the Arbitration Award. However, as pointed out by Alvarado, a motion to vacate an arbitration award must be served within three months after the award is filed or delivered. *Olson v. Wexford Clearing Services Corp.*, 397 F.3d 488, 490 (7th Cir. 2005). The Arbitration Award was entered in this case in October 2012, and the motion to vacate, which was filed and served in April 2013, was thus untimely. Nor has Smith pointed to

| STATEMENT |
|---|

sufficient justification to equitably toll the limitations period.

In addition, even if the motion to vacate was timely, Alvarado has provided the necessary documentation to show that the Arbitration Award was entered in his favor and that the award is valid and enforceable. The Seventh Circuit has stated that "[t]he grounds for overturning an arbitration award are extremely limited." *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 563 (7th Cir. 2008). A court may overturn an arbitration award when there is: "(1) an order requiring the parties to violate the law; or (2) an order that does not adhere to the legal principles specified by the contract." *Id* The Seventh Circuit has also stated that an arbitration award may be vacated where there was a "manifest disregard of the law" and "where the arbitrators exceeded their powers." *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 268-69 (7th Cir. 2006); *see also Prate Installations, Inc. v. Chicago Regional Council of Carpenters*, 607 F.3d 467, 470-71 (7th Cir. 2010)(stating that the he judicial review of arbitration awards "is extremely limited, and the merits of the arbitrator's decision will not be reviewed").

Smith has not shown that the Arbitration Award requires the parties to violate the law or to fail to adhere to the legal principles in a contract. Nor has Smith shown that the arbitrator disregarded the law or exceeded his powers. Smith contends that the arbitrator relied on what Smith believes was a false affidavit. However, even if the allegation is correct, the Seventh Circuit has made clear that "[f]actual or legal error, no matter how gross, is insufficient to support overturning an arbitration award." *Halim*, 516 F.3d at 563. To the extent that Smith argues that the Arbitration Award was procured through fraud, Federal Arbitration Act provides that a party may seek the vacation of an arbitration award "where the award was procured by corruption, fraud, or undue means. . . ." 9 U.S.C. § 10. However, Smith fails to provide specific evidence to support any allegations of fraud, and Smith has not shown that he has complied with the due diligence requirement in discovering any such alleged fraud. *See, e.g., Shearson Hayden Stone, Inc. v. Liang*, 653 F.2d 310, 313 (7th Cir. 1981)(stating that "even in those few cases involving nondisclosure of evidence or perjury, courts have recognized the applicability of the due diligence requirement")*; Environmental Barrier Co., LLC v. Slurry Systems, Inc.*, 540 F.3d 598, 608 (7th Cir. 2008)(explaining due diligence requirement).

Finally, Smith contends that "a portion of the dispute is still pending" with FINRA and that it is premature to seek enforcement of the Arbitration Award. (Ans. 2). However, Alvarado has attached to his

| STATEMENT |
|---|
| complaint a copy of the Arbitration Award, which indicates that it provides a final award in favor of Alvarado. Smith has not challenged the authenticity of the document attached to Alvarado's motion. Thus, the record shows that the Arbitration Award is valid and enforceable. Therefore, based on the above, the motion to confirm the Arbitration Award and for entry of judgment is granted and the motion to vacate the Arbitration Award is denied. |